United States District Court
Southern District of Texas
**ENTERED**
December 02, 2020
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GARY WAYNE MCGRUDER,<br>TDCJ #2251586, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| VS. | § <br> § | CIVIL ACTION NO. 4:20-2924 |
| BOBBY LUMKPIN, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division, | § <br> § <br> § <br> § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Gary Wayne McGruder (TDCJ #2251586) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from a prison disciplinary conviction that was entered against him in April of 2019.[1] After considering all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be dismissed for the reasons explained below.

---

[1] The petition also seeks relief from a felony conviction and a parole revocation. Pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, which states that a petitioner who challenges separate judgments must file separate petitions, the claims involving those proceedings are not addressed here have been severed into the following separate actions: Civil No. H-20-2368 (the felony conviction); and Civil No. H-20-2923 (the parole revocation).  *See* Order dated Aug. 20, 2020 [Doc. # 4].

## I.  **BACKGROUND**

Court records reflect that McGruder is currently incarcerated in the Texas Department of Criminal Justice ("TDCJ") as the result of a 2019 felony conviction for burglary of a habitation.  *See McGruder v. State*, No. 10-19-00064-CR, 2020 WL 373224 (Tex. App. — Waco Jan. 22, 2020, pet. ref'd).  McGruder received a 45-year prison sentence in that case, which was entered against him in Brazos County Cause No. 17-04501-CRF-85.  *See id.*  Prison records reflect that McGruder also has at least three other prior felony convictions for burglary of a habitation from Brazos County that were entered against him in 1993, 1997, and 2007.[2]

In a petition that was executed on July 17, 2020, McGruder now challenges the result of a prison disciplinary conviction that was entered against him at the Pack Unit in April of 2019.[3]  McGruder does not provide a case number or details about the disciplinary infraction, noting only that he was temporarily placed in administrative segregation as punishment and that he did not lose any previously earned good-time credits as a result of the conviction. [4]  The petition must be

---

[2] *See* TDCJ Offender Information at https://offender.tdcj.texas.gov/OffenderSearch (last visited Nov. 30, 2020.

[3] Petition, Doc. # 1, at 5, 10.  For purposes of identification, all page numbers reference the pagination for each docket entry imprinted by the Court's electronic filing system, CM/ECF.

[4] On October 14, 2020, the Court issued an Order for More Definite Statement, asking McGruder to provide additional details about his disciplinary proceeding and his claims.
(continued on next page …)

dismissed because McGruder cannot establish a claim for relief in connection with the punishment that was imposed.

## II.   <u>PRISON DISCIPLINARY CONVICTIONS</u>

To obtain federal habeas corpus relief a prisoner must establish that he is "in custody" as the result of a constitutional violation and that he is entitled to release or accelerated release from confinement.  *See* 28 U.S.C. § 2241; *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  State inmates have limited constitutional rights in the prison disciplinary hearing context under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, an inmate is entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).

It is well established that a Texas prisoner can demonstrate a due process violation in connection with a prison disciplinary conviction only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit.  *See Malchi v. Thaler*,

---

*See* Order for More Definite Statement, Doc. # 6,  at 1-5.  McGruder has not filed a response and his time to do so has expired.

211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Assuming that McGruder is eligible for mandatory supervision, he does not meet the second criteria because he did not forfeit any previously earned good-time credit as punishment for the challenged disciplinary infraction.  To the extent that his punishment was temporary confinement in administrative segregation and the attendant loss of privileges, these sanctions are "merely changes in the conditions of [an inmate's] confinement" that do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  In that respect, limitations imposed upon commissary or recreational privileges and a cell restriction or placement in solitary confinement on a temporary basis are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  *See id.*

Because the sanctions imposed against him do not implicate a protected liberty interest, McGruder cannot establish a constitutional violation of the Due Process Clause that is actionable under the habeas corpus statutes.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th

4

Cir. 1985)).   Accordingly, his petition will be dismissed with prejudice for failure to state a claim upon which habeas corpus relief may be granted.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.   A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   This requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted).   After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its determination of his claims debatable or wrong.   Therefore, a certificate of appealability will not issue in this case.

IV.    **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1.  The petition for a writ of habeas corpus filed by Gary Wayne McGruder to challenge his April 2019 prison disciplinary conviction is **DENIED** and this case is **DISMISSED with prejudice**.

2.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on December 2, 2020.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE